USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN RODRIGUEZ,

Petitioner,

–against–

USA,

Respondent.

24-cv-531 (NSR)

19-cr-449-2 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

**BACKGROUND**

On October 1, 2026, the Court issued an Opinion & Order denying Petitioner Brian Rodriguez's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence on the ground that he received ineffective assistance of counsel. (ECF No. 331.) The Court concluded that Petitioner failed to establish either deficient performance or prejudice under *Strickland* v. *Washington*, 466 U.S. 668 (1984). Specifically, the Court found that counsel's performance was not objectively unreasonable where counsel investigated Petitioner's assertion that a pellet gun, rather than a firearm, was used during the charged robberies, understood and advised Petitioner of the applicable law governing 18 U.S.C. § 924(c), and reasonably recommended that Petitioner accept a plea agreement incorporating certain previously uncharged conduct. The Court further found that Petitioner failed to demonstrate a reasonable probability that, but for counsel's alleged errors, he would have rejected the plea agreement and proceeded to trial.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2253(c)(1)(B), a petitioner may not appeal the denial of a § 2255 motion

unless a certificate of appealability issues. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the Court's assessment of those claims debatable or wrong. *Slack* v. *McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El* v. *Cockrell*, 537 U.S. 322, 338 (2003).

**DISCUSSION**

Petitioner has not made that showing. Reasonable jurists would not find debatable the Court's conclusion that Petitioner failed to satisfy either prong of Strickland. The record reflected that counsel investigated Petitioner's pellet-gun theory, repeatedly discussed the legal significance of that defense with Petitioner, and advised him of the potential sentencing consequences of proceeding to trial. The record further reflected that counsel's recommendation to include certain uncharged conduct in the plea agreement was a reasonable strategic decision intended to protect Petitioner from additional prosecution. Moreover, the plea agreement reduced Petitioner's exposure from two § 924(c) counts carrying a combined fourteen-year mandatory minimum to one § 924(c) count, and Petitioner failed to establish a reasonable probability that he would have rejected the plea agreement and proceeded to trial absent counsel's alleged errors. Considering counsel's investigation and advice, the substantial benefits secured by the plea agreement, and the absence of demonstrated prejudice, reasonable jurists would not debate the Court's denial of Petitioner's § 2255 motion.

**CONCLUSION**

Accordingly, the Court declines to issue a certificate of appealability. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 332.

SO ORDERED.

Dated: October 13, 2026
White Plains, New York



Nelson S. Román, U.S.D.J.